IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED VALVE, L.P. d/b/a UNITED VALVE SUPPLY, § § § Plaintiff, § § VS. § § UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN NIELSEN, § in her official capacity as Secretary of the § Department of Homeland Security; and JEFF § SESSIONS, in his official capacity as United § States Attorney General. § § Defendants. § | CIVIL ACTION NO: _____ JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW UNITED VALVE, L.P. d/b/a UNITED VALVE SUPPLY ("United Valve"), a Texas Limited Partnership, complaining of and about the UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"), Kirstjen Nielsen ("Nielsen"), in her official capacity as Secretary of the Department of Homeland Security, and Jeff Sessions ("Sessions"), in his official capacity as United States Attorney General.

### I.

### PARTIES

1. United Valve is a company that, at all pertinent times hereto, was engaged, in the business of testing, repairing, and modifying industrial valves. United Valve is a Texas Limited Partnership having its principal place of business in Houston, Harris County, Texas.

2.	Defendant DHS is an agency of the United States government. DHS may be served at Department of Homeland Security, Washington, D.C. 20528, and by serving the U.S. Attorney of this district, pursuant to Federal Rule of Civil Procedure 4(i)(1)(A).

3.	Nielsen is the Secretary of the Department of Homeland Security and is named herein in her official capacity as Secretary of the governmental agency which is charged with ensuring that employees working in the United States have proper work authorization in accordance with the nation's immigration laws, including employers' responsibility for maintaining records that demonstrate their employees' authorization to legally work in the United States. Nielsen may be served at Department of Homeland Security, Washington, D.C. 20528, and by serving the U.S. Attorney of this district, pursuant to Federal Rule of Civil Procedure 4(i)(1)(A).

4.	Sessions is the United States Attorney General, and is named herein in his official capacity, and, is in charge of the governmental agency which has jurisdiction over the DHS. Sessions may be served at the United States Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001, and by serving the U.S. Attorney, of this district pursuant to Federal Rule of Civil Procedure 4(i)(1)(A).

## II.

## JURISDICTION

5.	This Court has jurisdiction over this matter pursuant to, among other things, 28 U.S.C. § 1331 because Plaintiff's claims are brought under the federal statutes governing the unlawful employment of aliens in the United States and the regulations promulgated thereunder; including 8 U.S.C. § 1324(a) and 8 C.F.R. § 1274a.

6.	Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. 706(1).

7.	Plaintiff also seeks a declaratory judgment against the Defendants pursuant to 28

U.S.C. § 2201 and 2202.

8. Plaintiff seeks review of the DHS' assertion that Plaintiff's request for hearing before an administrative law judge was not timely submitted pursuant to 5 U.S.C. § 701 *et. seq.* (the "Administrative Procedures Act").

9. The Defendants have expressly waived sovereign immunity, pursuant to 5 U.S.C. § 702 because Plaintiff seeks purely equitable relief against a federal agency and its officers acting in their official capacities.

## III.

## VENUE

10. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(e)(3) because DHS is an agency of the United States, Nielsen is the Secretary of the DHS, Sessions is the United States Attorney General, and United Valve is a Texas Limited Partnership with its offices in Houston, Harris County, Texas which is within the Southern District of Texas, Houston Division.  Both DHS's audit of United Valve and United Valve's submission of a request for an administrative hearing regarding DHS's notice were in Harris County within the Southern District of Texas.

## IV.

## BACKGROUND

### A. Introduction

11. This case concerns the failure of Defendants to provide Plaintiff with its statutory right to a hearing before an administrative law judge in violation of applicable statute and regulations. The provision of a hearing is not subject to discretion and the refusal of Defendants to

deny Plaintiff a hearing has caused it harm. Given these facts and the lack of any other remedy, Plaintiff has brought this suit to request that the Court exercise the authority provided to it to declare its rights to a hearing, order that such hearing be provided, and to provide any other relief to which Plaintiff is entitled.

**B.     History**

12.     Plaintiff is a small family-owned business that was started in 1961. The Company provides factory authorized valve modifications and repair services to distributors and end-users. It currently employs approximately eighty-nine (89) individuals, and has never had a workforce of more than ninety-six (96).

13.     On or about March 1, 2017, U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), which is a part of Defendant DHS, notified Plaintiff that it had been randomly selected for an audit of the records of the Company's employees' work authorization documents, also referred to as the I-9 files.

14.     Plaintiff had never been subject to an I-9 audit until this time.

15.     On or about May 1, 2017, HSI Auditor Veronica McGeachy and Special Agent Samantha Alonso visited Plaintiff's offices at 9916 Gulf Freeway, Houston, Texas 77034 and met with Plaintiff's Executive Vice President Kelly Lovell. Ms. Lovell made it clear to Ms. McGeachy and Ms. Alonso that Plaintiff wished to work cooperatively with Defendant DHS.

16.     On or about May 6, 2017, Plaintiff timely produced work authorization file documentation to DHS in response to Ms. McGeachy and Ms. Alonso's requests. As Plaintiff took this situation very seriously, Ms. Lovell personally delivered these files to the HSI personnel. When she delivered these initial documents to Defendant DHS's office, Ms. Lovell was told that Plaintiff would have the opportunity to make any corrections necessary before Defendant DHS

would fine it for any violations.

17.     On or about May 19, 2017, Defendant presented Plaintiff with two notices: (1) a Notice of Suspect Documents that identified four (4) individuals whose documentation made DHS believe that they may not be legally authorized to be working in the country; and (2) a Notice of Technical or Procedural Failures that listed nineteen (19) individuals whose I-9 records DHS contended contained technical or procedural errors.  The Notice of Technical or Procedural Failures further stated that Plaintiff would have until June 5, 2017 to correct any of these errors on the I-9 records.

18.     Plaintiff responded to these notices by timely forwarding the I-9 records that it corrected based on the information that the HSI personnel had given to them.

19.     Throughout the audit process, Plaintiff and Ms. Lovell fully cooperated with HSI personnel and met all of their requests in a timely manner.

20.     Furthermore, Plaintiff has sought to be compliant with ensuring that its personnel was properly authorized to work in the United States.  For example, Plaintiff has terminated the employment of individuals who could not explain mismatched Social Security numbers even if the individual had been a strong performer for the Company before the discrepancy occurred.

21.     Thus, when Ms. McGeachy electronically served Ms. Lovell with Defendant DHS's Notice of Intent to Fine on October 4, 2017, Plaintiff was very surprised to see that Defendant DHS was ordering Plaintiff to pay a fine in the amount of sixty-two thousand six hundred sixty-three dollars and ninety cents ($62,663.90).

22.     Wishing to contest Defendant's Notice, Plaintiff timely complied with requesting a hearing before an administrative law judge within thirty (30) days of receiving the Notice of Intent

to Fine by having a Request for Administrative Hearing ("Request") submitted to Defendant's office on November 3, 2017.

23.  On that date, Plaintiff's attorneys had a courier, Jose Diaz from Road Runner Couriers, Inc., hand-carry the Request to the address indicated on Defendant's Notice, specifically, Office of Chief Counsel, DHS/ICE, 126 Northpoint Drive, Room 2020, Houston, Texas 77060, Attn: John Donovan. *See* Declaration of Jose Diaz, attached hereto as Exhibit 1, paragraph 4.

24.  When Mr. Diaz arrived at the building, however, he was told by the security guards present that he would not be allowed entrance beyond the building's lobby to deliver the Request to the specific office. *See* Exhibit 1, paragraph 5.  Upon learning that Mr. Diaz was not being permitted to fully enter the building, Plaintiff's counsel attempted to reach someone from DHS who could assist with allowing him to go to their office. However, Plaintiff's counsel was not able to reach anyone at Defendant's office.

25.  As the building's security guards would not permit Mr. Diaz to go past the lobby, they told him that he could alternatively leave the Request in a drop-box located in the portion of the building in which Mr. Diaz was allowed access.  *See* Exhibit 1, paragraph 6.  Mr. Diaz thus chose to deliver the Request in this manner.  As the security guards were unwilling to sign or confirm receipt, Mr. Diaz confirmed that he left the envelope with the Request in the drop-box by taking pictures of himself placing the package in the drop-box. *See* Exhibit 1, paragraphs 7-8 and Attachment A, thereto.

26.  Given that Plaintiff had submitted its Request to Defendant DHS, it was awaiting receiving notice of when the hearing would be scheduled.

27.  Thus, on March 2, 2018, when Ms. McGeachy came to Plaintiff's office to inform Ms. Lovell that DHS issued a Final Order in the amount stated in the Notice of Intent to Fine, it

was unexpected. Ms. Lovell informed Ms. McGeachy that Plaintiff had submitted the Request to Defendant DHS and Ms. McGeachy acknowledged that she had fully expected Plaintiff to have made such request. Ms. Lovell also provided Ms. McGeachy with a copy of the Request to prove that they had submitted it to Defendant to demonstrate that they were contesting the fine.

28. Ms. McGeachy did not serve Plaintiff and Ms. Lovell with a Final Order, but instead told Ms. Lovell that she was going to take the copy of the Request back to DHS's counsel to find out why a hearing had not been set.

29. Later that same day, Plaintiff's counsel also reached out to Defendant DHS's counsel, Assistant Counsel Carrie Law, to ensure that they received a copy of the Request and proof that Mr. Diaz had placed the Request documents in the drop-box for their building.

30. On March 21, 2018, after having received this information, Ms. Law informed Plaintiff's counsel that DHS's Office of Chief Counsel determined the request was not submitted in time.

31. Despite numerous conversations with DHS's Office of Chief Counsel about Plaintiff's timely submission of its Request, Defendant DHS ultimately refused to recognize it, refused to provide Plaintiff with a hearing before an administrative law judge to contest the allegations that Plaintiff had violated its obligations under the laws regarding maintenance of work authorization records of its employees, and issued a Final Order on June 20, 2018 for Plaintiff to pay sixty-two thousand six hundred sixty-three dollars and ninety cents ($62,663.90) without allowing a hearing before an administrative law judge.

32. Defendants had a statutory obligation to Plaintiff to provide a hearing before an administrative law judge before issuing such an Order.

V.

**CLAIMS FOR RELIEF**

A.  **First Claim for Relief – Mandamus (28 U.S.C. § 1361 and 5 U.S.C. § 706(1))**

33. The allegations contained in paragraphs 1 through 32 are repeated and re-alleged as if fully set forth herein.

34. Defendants DHS, Nielsen, and Sessions informed Plaintiff of its rights to request a hearing on this matter. Plaintiff timely requested a hearing on November 3, 2017.

35. Defendants DHS, Nielsen, and Session had a statutory duty to provide Plaintiff with a hearing upon request made within a reasonable time. *See* 8 U.S.C. §1324a(e)(3)(A).

36. Defendants DHS, Nielsen, and Sessions had no discretion on whether to provide Plaintiff with a hearing upon request made within a reasonable time. *Id*.

37. Defendants DHS, Nielsen, and Sessions violated their nondiscretionary, statutory duty to provide plaintiff with a hearing.

38. No other remedy other than the Court ordering Defendants to perform the duty owed to them under the authority provided to the District Court pursuant to 28 U.S.C. §1361 is available for Plaintiff with regard to Defendants' refusal to provide it with a hearing before an administrative law judge.

39. Additionally, pursuant to 5 U.S.C. § 706(1), the reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.

B.  **Second Claim for Relief – Administrative Procedures Act (5 U.S.C. § 701 *et seq.*)**

40. The allegations contained in paragraphs 1 through 39 are repeated and re-alleged as if fully set forth herein.

41. Defendant DHS was required to provide a hearing before an administrative law

judge respecting the violations it alleges that Plaintiff committed regarding the maintenance of work authorization records of its employees upon a request timely made. 8 U.S.C. §1324(e)(3)(A).

42. Plaintiff requested a hearing before an administrative law judge in a timely manner.

43. Despite Plaintiff's timely submission, Defendant has denied providing Plaintiff with such a hearing.

44. Plaintiff has been adversely affected or aggrieved by Defendant's action in improperly denying it a hearing before an administrative law judge as requested by being subjected to a "Final Order" to pay sixty-two thousand six hundred sixty-three dollars and ninety cents ($62,663.90) without the opportunity to challenge such "Order."

45. Defendant's refusal to provide Plaintiff with an administrative hearing as requested is arbitrary, capricious, an abuse of discretion and/or otherwise not in accordance with the law.

**C.    Third Claim for Relief – Declaratory Judgment (28 U.S.C. § 2201 *et seq.*)**

46. The allegations contained in paragraphs 1 through 45 are repeated and re-alleged as if fully set forth herein.

47. An actual controversy exists as Defendant DHS has refused to provide Plaintiff with a hearing before an administrative law judge despite Plaintiff's timely request for such.

48. Defendant's refusal to provide Plaintiff's its right to a hearing before an administrative law judge is causing it damage and/or harm because it is not being allowed the opportunity to contest Defendant's allegations that Plaintiff violated the law and/or the assessment of fines for such violations.

49. Thus, the Court should declare its right to be provided the administrative hearing with regard to Defendant's allegations that Plaintiff has violated the immigration laws and the assessment of fines.

## VI.

## PRAYER

50. WHEREFORE, Plaintiff United Valve, L.P., d/b/a United Valve Supply respectfully prays that Defendants Department of Homeland Security, Kirstjen Nielsen, and Jeff Sessions be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against Defendants and that:

  A. the Court direct Defendants DHS, Nielsen, and Sessions to

    (1) provide Plaintiff with a hearing before an administrative law judge to contest Defendant DHS's allegations that Plaintiff has violated its duties of maintaining work authorization records of its employees and the assessment of fines for such violations;

    (2) withdraw the order to pay sixty-two thousand six hundred sixty-three dollars and ninety cents ($62,663.90);

  B. the Court declare that Plaintiff has timely requested a hearing before an administrative law judge and/or that Plaintiff is entitled to a hearing before an administrative law judge;

  C. the Court award Plaintiff reasonable attorneys' fees and expenses incurred from Defendants to pursuant to statute including, without limitation, the *Equal Access to Justice Act*, 5 U.S.C. § 504, on the ground that Defendants' actions were not substantially justified.

51. Plaintiff further requests all other relief to which it is justly entitled, whether in law or in equity.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ W. Jackson Wisdom*
W. Jackson Wisdom
State Bar No. 21804025
Federal I.D. No. 13756
*wisdom@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
ATTORNEY-IN-CHARGE FOR PLAINTIFF
UNITED VALVE, L.P. d/b/a UNITED VALVE
SUPPLY

**OF COUNSEL:**

David J. Quan
State Bar No. 16422300
Federal I.D. No. 20073
*quan@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101